UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HALEY WRIGHT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SANTA CRUZ, *et al.*, <br><br> Defendants. | Case No.: 13-CV-01230-LHK <br><br> ORDER DENYING CITY OF SANTA CRUZ'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT |

Before the Court is Defendant City of Santa Cruz's ("City") Motion to Dismiss Plaintiffs' First Amended Complaint and Motion for a More Definite Statement. ECF No. 19. Defendant County of Santa Cruz ("County") joins the City's Motion in part. ECF No. 20. Plaintiffs Haley Wright ("Haley Wright"), Emily Wright ("Emily"), and Jessica Wright ("Jessica") (collectively, "Plaintiffs") oppose the Motion, ECF No. 25, and the City replies, ECF No. 28. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing scheduled for January 23, 2014, at 1:30 p.m. ECF No. 27. The Case Management Conference set for January 23, 2014, at 1:30 p.m. shall take place as scheduled. Having considered the submissions of the parties and the relevant law, the Court DENIES the City's Motion to Dismiss and Motion for a More Definite Statement.

1

I.      BACKGROUND

   A.      Factual Background

The following facts are taken from Plaintiffs' First Amended Complaint and are assumed to be true for purposes of this Motion. This case arises out of a joint operation among the Drug Enforcement Administration ("DEA"), Santa Cruz County Sheriff's Office, Santa Clara County Sheriff's Department, and City of Santa Cruz Police Department to arrest suspected members of a large Mexican drug cartel.[1] First Am. Compl. ("FAC") ECF No. 11 ¶¶ 1, 10-11. Among the persons identified as members of the cartel was an individual named "Haley." *Id.* ¶ 1. Defendants, including members of the City and County police forces, concluded that Plaintiff Haley Wright was the "Haley" associated with the cartel. *Id.* Plaintiffs allege that Defendants failed to perform any investigation to corroborate that Haley Wright was, in fact, the "Haley" associated with the cartel, and that, to the contrary, Defendants had information in their possession that would have established that Haley Wright and the "Hayley" associated with the cartel were not the same person. *Id.* ¶¶ 1, 51, 57, 63. In spite of not having performed any investigation to verify that Haley Wright and "Haley" were the same person, Defendants sought and obtained an indictment against Haley Wright and a warrant for her arrest. *Id.* ¶¶ 1, 25.

Defendants executed the warrant against Haley Wright on September 12, 2011 at the home Haley Wright shared with her parents and her sisters, Emily and Jessica. *Id.* ¶¶ 1-2. Both Emily and Jessica had recently had babies, who were also living in the home. *Id.* ¶ 1. Plaintiffs allege that Defendants "approached the house with a large battering ram" and entered the Wright home in "full swat gear[] and military desert camouflage, with multiple assault rifles and other guns drawn." *Id.* ¶ 2. Defendants entered the rooms of both Emily and Jessica and forced them, at gunpoint, to leave their rooms. *Id.* ¶ 19. Defendants forced Emily and Jessica to leave their infants—who were six and eight months old—unattended in the rooms. *Id.* Defendants arrested Haley Wright, removed her from the home, and placed her into a police van in full view of numerous neighbors and bystanders. *Id.* ¶¶ 21-24.

---

[1] The Court refers to these entities, as well as individual defendants employed by these entities, collectively as "Defendants."

2

Case No.: 13-CV-01230-LHK
ORDER DENYING CITY OF SANTA CRUZ'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT

1    Haley Wright was transported to San Jose, where she was incarcerated along with
2    numerous other women, all strangers to her, who had also been arrested for their alleged
3    association with the cartel. *Id.* ¶ 24. Although Haley Wright protested her innocence repeatedly to
4    Defendants, and although none of the other women arrested had any idea who Haley Wright was,
5    none of the Defendants listened to Haley Wright's pleas or performed any further investigation to
6    verify that she was the "Haley" associated with the cartel. *Id.* ¶¶ 27-35. A full month passed before
7    Haley was released on bail and yet another month passed before Defendants realized that Haley
8    Wright was not the "Haley" associated with the cartel and therefore dropped all charges against
9    her. *Id.* ¶¶ 38-40.

Notwithstanding her eventual release, Haley Wright alleges that she suffered severe economic and emotional damage as a result of Defendants' actions. Haley Wright lost her job after her employer learned of the charges against her, she left her home because she feared that members of the cartel with which she was falsely associated might cause harm to her or her family, and she continues to suffer severe emotional distress and symptoms of post-traumatic stress disorder as a result of her arrest and incarceration. *Id.* ¶ 42. Emily and Jessica also continue to suffer severe emotional distress as a result of the arrest operation. *Id.* ¶ 43.

### B.    Procedural History

Plaintiffs filed a Complaint on March 19, 2013. ECF No. 1. On July 24, 2013, before any defendant had responded to the Complaint, Plaintiffs filed the FAC. ECF No. 11. The FAC asserts four claims under 42 U.S.C. § 1983 for: (1) use of excessive force against all Plaintiffs in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution, FAC ¶¶ 45-49; (2) unlawful search and seizure of all Plaintiffs and false imprisonment of Haley Wright in violation of the Fourth and Fourteenth Amendments, *id.* ¶¶ 50-54; (3) deprivation of Haley Wright's due process right to liberty in violation of the Fifth and Fourteenth Amendments, *id.* ¶¶ 55-60; and (4) violation of Haley Wright's right to freedom of movement under the Fourteenth Amendment, *id.* ¶¶ 61-65. The FAC asserts a fifth claim for interference with the exercise or enjoyment of rights secured by

1     the Constitution and laws of the State of California in violation of California Civil Code Section
2     52.1. *Id.* ¶¶ 66-68.
3         The City filed its Motion to Dismiss the FAC on September 3, 2013. ("Mot.") ECF No. 19.
4     The County filed its Notice of Joinder in Portions of the Motion to Dismiss on September 4, 2013.
5     ("Notice") ECF No. 20. Plaintiffs opposed the Motion on October 8, 2013, ("Opp'n") ECF No. 25,
6     and the City replied on October 22, 2013, ("Reply") ECF No. 28.

## II. LEGAL STANDARDS

### A. Rule 8(a)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and the "court may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor is a court required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam)

1   (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory

2   allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."

3   *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678.

4   Furthermore, "a plaintiff may plead herself out of court" if she "plead[s] facts which establish that

5   [s]he cannot prevail on h[er] . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir.

6   1997) (internal quotation marks and citation omitted).

### B.     Rule 12 (e)

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e) motions should be granted only on those "rare occasions" when a complaint is so vague or so ambiguous that a party has insufficient information to prepare its response. *See Bautista v. L.A. Cnty.*, 216 F.3d 837, 843 n.1 (9th Cir. 2000). Motions pursuant to Rule 12(e) are generally "viewed with disfavor and are rarely granted." *E.E.O.C. v. Alia Corp.*, 842 F. Supp. 2d 1243, 1250 (E.D. Cal. 2012) (internal quotation marks omitted).

## III.    DISCUSSION

The City contends that the claims against the City in the FAC should be dismissed, either in whole or in part, for two reasons. First, the City argues that the FAC fails to state a claim against the City as to any of the five causes of action because the Complaint does not specifically identify any City employee who committed a wrongful act. Mot. at 7-8. Second, the City argues that the Plaintiffs' second through fifth allegations fail because the FAC acknowledges that Haley Wright was arrested pursuant to a warrant. *Id.* at 8-12. The County joins the City's Motion as to this latter argument. Notice at 1-2.

In the alternative, the City moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Mot. at 12. For the reasons discussed below, the Court DENIES the City's Motion to Dismiss and Motion for a More Definite Statement.

5

Case No.: 13-CV-01230-LHK
ORDER DENYING CITY OF SANTA CRUZ'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT

### A. Whether the FAC Fails to State a Claim Due to the Absence of Individualized Allegations Against Any City Employee

The City contends that Plaintiffs' claims against it fail because the FAC does not identify specific wrongful acts committed by individual City employees. *Id.* at 7. Plaintiffs respond that the FAC alleges claims against unnamed individual City employees and identifies specific acts that violated Plaintiffs' constitutional rights. Opp'n at 6. Plaintiffs note that the operation that led to the arrest and incarceration of Haley Wright was a joint operation between multiple agencies and argue that, before discovery, Plaintiffs have no way of identifying exactly which City employees were involved in the operation or what exact roles those City employees played. *Id.* at 5.

The Court agrees that at this stage of the litigation Plaintiffs cannot reasonably be expected to identify the exact nature of any City employee's involvement in the arrest and incarceration of Haley Wright, and that therefore dismissal is not warranted for failure to identify the involvement of City employees with greater precision. *See Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986) ("[A] plaintiff is not expected to plead [] evidence or specific factual details not ascertainable in advance of discovery."); *Rodriguez v. Cal. Highway Patrol*, 89 F. Supp. 2d 1131, 1137 (N.D. Cal. 2000) (same); *San Jose Charter of the Hell's Angels Motorcycle Club v. City of San Jose*, No. 09-20022, 1999 WL 1211672, at *12 (N.D. Cal. Dec. 6, 1999) ("Civil rights plaintiffs . . . have never been expected to plead their evidence or specific factual details not ascertainable before discovery has taken place."). Given the circumstances, Plaintiffs have stated claims against various unknown "doe" defendants with the expectation that Plaintiffs will later seek to amend their complaint to identify these individuals and specify their roles in the case. *See* Opp'n at 10. The Ninth Circuit has approved this procedure. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("[W]here the identity of alleged defendants will not be known prior to the filing of a complaint. . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."). Indeed, to dismiss a complaint without affording a plaintiff the opportunity to discover the identity of the unknown defendants in such

circumstances is error. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999); *Slider v. City of Oakland*, No. 08-4847, 2009 WL 799397, at *3 (N.D. Cal. Mar. 24, 2009).

The authority the City cites in support of its position is inapposite. *See* Mot. at 7 (citing *Jones v. Williams*, 297 F.3d 930 (9th Cir. 2002); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998); *Chuman v. Wright*, 76 F.3d 292 (9th Cir. 1996)). *Barren* involved a complaint in which the plaintiff failed to allege *any* specific facts to support his claims that his rights were violated. 152 F.3d at 1194 ("Barren has failed to . . . allege any facts which would support his allegations that the defendants had conspired to violate his Fourth Amendment rights, and . . . to allege any specific proceedings in which his due process rights were violated.") This is easily distinguishable from the instant case, in which the FAC alleges numerous specific facts to support Plaintiffs' claims that their rights were violated even though Plaintiffs cannot, at this stage, identify which exact individuals were involved in those violations. As for *Jones* and *Chuman*, neither decision addresses a plaintiff's burden at the pleading stage, as both involved appeals following jury trials. *See Jones*, 297 F.3d at 933-34; *Chuman*, 76 F.3d at 293-94. Moreover, both cases involved the question of whether individual officers may be held liable as a group in the absence of a finding of individual wrongdoing. *See Jones*, 297 F.3d at 935; *Chuman*, 76 F.3d at 294-95. There is no indication that Plaintiffs in the instant case seek to hold any defendant liable absent a showing of individual wrongdoing; rather, Plaintiffs simply require discovery in order to more precisely identify which defendant allegedly committed which wrongful acts. The Court therefore DENIES the City's Motion to Dismiss the FAC for failure to identify the specific acts allegedly committed by individual City employees.

**B.     Whether the FAC Fails to State a Claim as to the Second Through Fifth Causes of Action Because Haley Wright Was Arrested Pursuant to a Warrant**

The City and County next assert that Plaintiffs' second through fifth causes of action must be dismissed because the FAC acknowledges that Haley Wright was arrested pursuant to a warrant. Mot. at 8-12; Notice at 1-2. However, a warrant will not shield a defendant from liability for constitutional violations under 42 U.S.C. § 1983 when the warrant is "ill-begotten or otherwise invalid." *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011). In particular, an arrest

7

made pursuant to a warrant may nevertheless be invalid if the warrant was obtained through falsehoods or the intentional or reckless omission of facts "required to prevent technically true statements in the affidavit from being misleading." *Liston v. Cnty. of Riverside*, 120 F.3d 965, 973 (9th Cir. 1997) (internal quotation marks omitted). To state a claim for such "judicial deception," a plaintiff must: "(1) establish that the warrant affidavit contained misrepresentations or omissions material to the finding of probable cause, and (2) make a substantial showing that the misrepresentations or omissions were made intentionally or with reckless disregard for the truth." *Bravo*, 665 F.3d at 1083 (internal quotation marks omitted).

Fairly read, the FAC states a claim for judicial deception. The FAC alleges that Defendants not only lacked any evidence to suggest that Haley Wright was the same "Haley" associated with the Mexican drug cartel, but that Defendants had concrete evidence in their possession demonstrating that the two Haleys were *not* the same individual. *See, e.g.*, FAC ¶¶ 1 ("In fact the DEA had multiple surveillance photographs of the real (wanted) 'Haley' who did not look anything like HALEY. Defendants forged ahead and with absolutely no evidence linking HALEY to the drug cartel . . . ."); 51 ("The defendants did not do any investigation, did not even look at their own photos of the real criminal 'Haley'. . . ."). In spite of the lack of investigation and contrary evidence, Defendants allegedly "forged ahead" in obtaining an indictment and arrest warrant for Haley Wright. *Id.* ¶ 1. These allegations are sufficient to allege, at least, that the warrant was obtained through intentional or reckless omission of facts. Moreover, the allegedly omitted information was plausibly material to a finding of probable cause because it is difficult to imagine that a warrant would issue if pictures of the true suspect, who allegedly "did not look anything like" Haley Wright, *id.*, had been included in the warrant application. Under these circumstances, the existence of a warrant does not necessarily preclude a finding of liability under 42 U.S.C. § 1983.[2]

---

[2] The same analysis applies to Plaintiffs' claim under California Civil Code Section 52.1. While liability generally will not arise under California law for an arrest executed pursuant to a facially valid warrant, a warrant does not act as a shield to liability if the warrant was obtained through an unlawful process in which the defendants were involved. *See Garcia v. City of Merced*, 637 F. Supp. 2d 731, 753 (E.D. Cal. 2008) (citing *Blaxland v. Commonwealth Dir. of Pub. Prosecutions*, 323 F.3d 1198, 1205 n.4 (9th Cir. 2003); *Downey v. Allen*, 36 Cal. App. 2d 269, 273 (1939)).

The City also argues that the presence of a warrant shields it from liability because there is no specific allegation that a City employee was involved in preparing the warrant application. Mot. at 11; Reply at 3. This argument fails for the same reason as the City's argument that all of Plaintiffs' claims against it must be dismissed due to failure to identify specific wrongful acts committed by specific City employees. *See supra* Part III.A. The FAC alleges that all Defendants were involved in obtaining the invalid warrant, *see, e.g.*, FAC ¶¶ 1, 51, and greater specificity is not required at this stage given that Plaintiffs have not yet had an opportunity to conduct discovery into which particular individuals were involved in obtaining the warrant. Accordingly, the Court DENIES the City's Motion to Dismiss Plaintiffs' second through fifth causes of action on the ground that Haley Wright was arrested pursuant to a warrant.[3]

### C.     Motion for a More Definite Statement

Finally, the City moves for a more definite statement pursuant to Rule 12(e). The City essentially argues that it needs Plaintiffs to provide greater detail about the individual actions taken by City employees in order to respond to the FAC. Mot. at 12. The Court disagrees. The FAC alleges specific facts to support Plaintiffs' claims, identifies the legal and factual basis for each of Plaintiffs' causes of action, and states that each cause of action is asserted against all Defendants. This is sufficient to enable the City to respond to the FAC. *Accord San Jose Charter of the Hell's Angels Motorcycle Club*, 1999 WL 1211672, at *12 (denying Rule 12(e) motion because "[t]o the extent that Defendants would like Plaintiffs to provide them with more specific allegations or evidence of causation, it seems that discovery would better accomplish this goal than granting a

---

[3] In it Notice of Joinder, the County states that "[m]uch like the immunity afforded to law enforcement officers under state law for effecting an arrest pursuant to a facially valid warrant, under federal law the result remains the same as such officers are generally entitled to protection under the doctrine of qualified immunity." Notice at 2. It is unclear from this statement whether the County is asserting that the Motion to Dismiss should be granted as to any Defendant due to qualified immunity. Nevertheless, to the extent the County suggests that qualified immunity should attach because Plaintiffs fail to "challenge the veracity or validity of the underlying warrant or indictment in their operative complaint," *id.*, the County is incorrect. The FAC *does* challenge the validity of the underlying warrant, *see, e.g.*, FAC ¶¶ 1, 51, and thus the Court cannot determine at this stage of the litigation that any of the individual County defendants are entitled to qualified immunity.

Rule 12(e) motion for a more definite statement"). The Court therefore DENIES the City's Motion for a More Definite Statement under Rule 12(e).

## IV. CONCLUSION

For the foregoing reasons, the City's Motion to Dismiss the FAC and Motion for a More Definite Statement is DENIED.

**IT IS SO ORDERED.**

Dated: January 17, 2014

_____
LUCY H. KOH
United States District Judge