1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**NORTHERN DISTRICT OF CALIFORNIA**

6

**SAN JOSE DIVISION**

7
8

HALEY WRIGHT, et al.,

Plaintiffs,

Case No.  13-cv-01230-BLF

9

v.

10

CITY OF SANTA CRUZ, et al.,

11

Defendants.

**ORDER GRANTING THE INDIVIDUAL FEDERAL AGENTS' MOTION TO DISMISS WITH LEAVE TO AMEND**

[Re:  ECF No. 70]

12
13
14

        During the course of a Drug Enforcement Administration ("DEA") joint task force

15

investigation of a Mexican drug cartel, Plaintiff Haley Wright was misidentified as a cartel

16

member.  As a result of the misidentification, Haley was arrested and detained in jail for

17

approximately one month.  Haley and her sisters, Emily and Jessica Wright (collectively,

18

"Plaintiffs"), filed this action against city, county, and federal agencies and officers who were

19

involved in the cartel investigation.

20

        Before the Court is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)

21

brought by four individual members of the joint task force:  John Fernandez ("Fernandez"), Joshua

22

Singleton ("Singleton"), Brendan Omori ("Omori"), and Anthony Parker ("Parker") (collectively,

23

"Agents").[1]  The Court has considered the briefing and the oral argument presented at the hearing

24

on November 6, 2014.  For the reasons discussed below, the motion to dismiss is GRANTED with

25

leave to amend.[2]

26
27

[1] It appears from the briefing that Fernandez is a DEA agent and that Singleton, Omori, and Parker are local law enforcement officers who were specially deputized by the DEA.

28

[2] The Agents indicate in their papers that, during meet and confer, Plaintiffs questioned the

United States District Court
Northern District of California

United States District Court
Northern District of California

## I.   BACKGROUND

Plaintiffs' allegations are set forth in detail in the Court's prior order issued July 3, 2014, *see* Order at 2-4, ECF 67, and need not be repeated in full here.  In brief, the DEA was involved in a joint operation with the Santa Cruz Police Department and other local law enforcement agencies for the purpose of investigating a Mexican drug cartel.  During the investigation, an arrest warrant issued for Haley.  On September 12, 2011, a SWAT team approached Haley's home, entered, and executed the warrant.  Haley's father, her sisters, and her sisters' infant children were in the home at the time.  Haley was booked and held in jail for approximately one month, at which time her bail was reduced to an amount that enabled her family to obtain her release.  The charges against Haley were dropped approximately one month after her release on bail.

The operative first amended complaint ("FAC") was filed on July 24, 2013 against the following agencies and individuals:  the City of Santa Cruz; Santa Cruz County; Santa Cruz County Sheriff's Deputies Mark Yanez, Tate Howe, and Kenny Besk; Santa Clara County; the United States (sued as the DEA); and Agents Fernandez, Singleton, Omori, and Parker.  Plaintiffs thereafter voluntarily dismissed Santa Cruz County, all of the Santa Cruz County Sheriff's Deputies, and Santa Clara County.  The Court dismissed all claims against the United States, as discussed in more detail below.  Thus the only defendants remaining in this action are the City of Santa Cruz and the Agents.

The FAC alleges four § 1983[3] claims and a fifth claim under the Bain Act.[4]  Claim 1,

---

propriety of the present Rule 12(b)(6) motion given the Agents' prior Rule 12(b)(5) motion.  *See* Fed. R. Civ. P. 12(g) (imposing limitations on the filing of successive Rule 12 motions).  To the extent that the present motion should have been brought in conjunction with the earlier one, the Court exercises its discretion to consider the present motion on the merits.  *See Buzayan v. City of Davis*, No. 2:06-cv-1576-MCE-DAD, 2009 WL 514201, at *3 (E.D. Cal. Feb. 26, 2009) (district court has discretion to hear a second motion under Rule 12(b)(6) if it is not brought for the purpose of delay and if hearing the motion will expedite final disposition of the case).  The Court need not consider the Agents' suggestions that the motion be considered under Rules 12(b)(1) or 12(c).

[3] Plaintiffs' constitutional claims are alleged under 42 U.S.C. § 1983, which applies only to state actors and not to federal actors such as the Agents.  The Court presumes for purposes of this motion that the constitutional claims could be re-alleged as claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[4] Cal. Civ. Code § 52.1.

United States District Court
Northern District of California

which is asserted by Haley, Emily and Jessica against all defendants, alleges that excessive force was used in the execution of the warrant for Haley's arrest in violation of the Fourth and Fourteenth Amendments.  Claim 2, asserted by Haley, Emily, and Jessica against all defendants, alleges that the SWAT team's entry into the home constituted an unlawful search and seizure and that Haley's detention constituted false imprisonment, all in violation the Fourth and Fourteenth Amendments.  Claim 3, asserted by Haley against all defendants, alleges that her detention constituted a violation of her due process right to liberty in violation of the Fifth and Fourteenth Amendments.  Claim 4, asserted by Haley against all defendants, alleges that Haley's arrest and detention constituted a violation of her right to freedom of movement in violation of the Fourteenth Amendment.  Claim 5, asserted by Haley, Emily and Jessica against all defendants, alleges that the above acts interfered with rights secured by the United States Constitution and the laws of the State of California.

On July 3, 2014, the Court granted the United States' motion to dismiss all claims with prejudice.  *See* Order, ECF 67.  Noting that the United States could be sued only to the extent it had waived its sovereign immunity under the Federal Tort Claims Act ("FTCA"), the Court concluded that the four § 1983 claims fell outside the FTCA's waiver of sovereign immunity and that the Bain Act claim and any other torts falling within the scope of the FTCA were barred by Plaintiffs' failure to exhaust administrative remedies.  *Id.* at 5-10.  In the present motion, the Agents contend that the Court's dismissal of the FTCA claims against the United States mandates dismissal of all claims against them under the FTCA judgment bar.  The Agents also contend that they are entitled to qualified immunity and that the FAC does not allege facts sufficient to make out a claim against them.

## II.   LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'"  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the

1  plaintiff.  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  However, the

2  Court need not "accept as true allegations that contradict matters properly subject to judicial

3  notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or

4  unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)

5  (internal quotation marks and citations omitted).  While a complaint need not contain detailed

6  factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to

7  relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.

8  Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the

9  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

10  **III.  DISCUSSION**

11      **A.  FTCA Judgment Bar**

12          The FTCA judgment bar, which is codified at 28 U.S.C. § 2676, provides that "'[t]he

13  judgment in an [FTCA] action . . . shall constitute a complete bar to any action by the claimant, by

14  reason of the same subject matter, against the employee of the government whose act or omission

15  gave rise to the claim.'"  *Gasho v. United States*, 39 F.3d 1420, 1436 (9th Cir. 1994) (quoting 28

16  U.S.C. § 2676) (alteration in original).  Section 2676 was enacted to address "two concerns by

17  Congress:  the prevention of dual recoveries *and* the prevention of multiple lawsuits."  *Id.* at 1437

18  (emphasis in original).  Thus in *Gasho* a judgment for the government in an FTCA action arising

19  out of seizure of an aircraft and arrest of its owners was held to bar a subsequent *Bivens* action

20  against Customs agents arising out of the same seizure and arrest.  *Id.*

21          The Agents contend that § 2676 likewise precludes all claims asserted against them,

22  because those claims are based on the same "subject matter" as the FTCA claims that have been

23  dismissed from this action with prejudice.  The Court agrees that the claims against the Agents are

24  based on the same subject matter as the dismissed FTCA claims.  Thus if § 2676 were to be

25  applied here, the Agents would be entitled to dismissal from this action with prejudice.[5]  However,

26

27  [5] Plaintiffs assert that § 2676 does not apply to constitutional claims.  However, the Ninth Circuit
has made clear that § 2676 does bar the assertion of constitutional claims to the extent that they are

28  based upon the same factual allegations underlying FTCA claims that have been adjudicated in the
government's favor.  *See Pesnell v. Arsenault*, 543 F.3d 1038, 1041 n. 3 (9th Cir. 2008)

1   the Court concludes that the present case falls squarely within the holding of *Kreines v. United*

2   *States*, 959 F.2d 834 (9th Cir. 1992), and therefore that § 2676 does not apply.

3          In *Kreines*, an inter-agency police task force executed a warrant to search the premises of

4   an individual suspected of drug trafficking and money laundering.  The officers entered the

5   plaintiff's home, which was a separate rental unit that was internally separated but accessible from

6   the suspect's unit.  The officers interrogated the plaintiff for at least forty-five minutes before

7   determining that she was not involved in the suspect's activities.  The plaintiff filed a lawsuit

8   asserting *inter alia* FTCA claims against the United States and *Bivens* claims against the officers.

9   The *Bivens* claims were tried first, and following a jury verdict in favor of the plaintiff, the court

10  entered judgment for $7,000 in compensatory damages against each federal actor.  The court

11  subsequently entered judgment for the United States on the FTCA claims.

12         The Ninth Circuit affirmed the judgment against the federal actors.  In framing the issue

13  before it, the court noted that under Federal Rule of Civil Procedure 54(b), an order or decision

14  adjudicating only some claims does not terminate the action as to those claims unless the court

15  directs that a partial final judgment be entered upon an express determination that there is no

16  reason for delay.  *Kreines*, 959 F.2d at 836 (citing Fed. R. Civ. P. 54(b)).  The court concluded that

17  because "[t]he judgment on the *Bivens* claim, dated April 19, 1990, does not contain an express

18  determination that there was no reason for delay, and it does not expressly direct entry of a final

19  judgment. . . .  It therefore became final when the court disposed of the remaining FTCA claims

20  by judgment entered July 23, 1990."  *Id.* The court then considered "whether § 2676 applies when

21  the judgment on the FTCA claim (a) has become final contemporaneously with the judgment on a

22  *Bivens* claim arising from the 'same subject matter' and (b) has been favorable to the

23  government."  *Id.* at 838.  On the narrow facts before it, the court found that § 2676 did not bar

24  Kreines from recovering under *Bivens*.  *Id.*

25         The Agents cite *Arevalo v. Woods*, 811 F.2d 487 (9th Cir. 1987), for the proposition that §

26  2676 may be applied when FTCA and *Bivens* claims are asserted in the same action.  In *Arevalo*,

27  _____

28  ("Pesnell's claims, including his constitutional claims, are barred to the extent that they rest upon
    the same misrepresentations alleged in the dismissed [FTCA] action.").

United States District Court
Northern District of California

the plaintiff brought a single action asserting both an FTCA claim against the United States and a *Bivens* claim against an Immigration and Naturalization Service investigator.  Both claims arose out of the investigator's detention and treatment of the plaintiff.  *See Arevalo*, 811 F.2d at 488. Following a bench trial, the district court entered judgment for the plaintiff on both claims, awarding $1000 on the FTCA claim and $1,500 on the *Bivens* claim.  *Id.*  On appeal, the Ninth Circuit vacated the judgment against the investigator, holding that duplicate recovery for the same conduct was precluded by § 2676.  *Id.* at 490.  The court concluded that "[t]he moment judgment was entered against the government, then by virtue of section 2676, Woods was no longer answerable to Arevalo for damages."  *Id.*

The present case is distinguishable from *Arevalo* in that no judgment at all has been entered, let alone a judgment awarding duplicate damages against the United States and a federal actor.  *Kreines* distinguished *Arevalo* on this precise point, noting that "[t]here is no threat of dual recovery here because Kreines did not prevail on her FTCA claim."  *Kreines*, 959 F.2d at 838.  At the hearing, the Agents' counsel urged the Court to re-read *Gasho* before applying *Kreines* to the present case.  *Gasho* does not disapprove *Kreines* or call its holding into question – *Gasho* merely indicates that "the holding in *Kreines* was narrowly confined to its facts."  *Gasho*, 39 F.3d at 1437. That limitation does not help the Agents, however, because the facts of the present case are indistinguishable from the facts of *Kreines* in all relevant respects.  As in *Kreines*, under Rule 54(b) final judgment has not been entered in this case and will not be entered until all claims are resolved.[6]  At that point, the question will be whether a contemporaneous judgment for the United States on the FTCA claims bars Plaintiffs' recovery (if any) on their claims against the Agents.  If *Kreines* remains the law of the circuit, the answer will be no.[7]

---

[6] The Court declines the Agents' invitation to direct entry of a final judgment as to the claims against the United States.  The United States has not sought entry of final judgment nor made a showing that there is no just reason for delay.

[7] The Court acknowledges that several circuits have declined to follow *Kreines*, concluding that § 2676 does apply when FTCA and *Bivens* claims are asserted in the same lawsuit.  *See, e.g., Manning v. United States*, 546 F.3d 430, 437 (7th Cir. 2008) (expressly disapproving *Kreines* in holding that § 2676 applies to bar *Bivens* claims when the government prevails on FTCA claims asserted in the same lawsuit); *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 859 (10th Cir. 2005) (same); *Harris v. United States*, 422 F.3d 322, 334-35 (6th Cir. 2005) (same).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Accordingly, the motion to dismiss is DENIED to the extent it is based on the FTCA

2  judgment bar.

3    **B.    Qualified Immunity and Failure to State a Claim**

4    "The doctrine of qualified immunity protects government officials from liability for civil

5  damages 'unless a plaintiff pleads facts showing (1) that the official violated a statutory or

6  constitutional right, and (2) that the right was 'clearly established' at the time of the challenged

7  conduct.'" *Wood v. Moss*, 134 S. Ct. 2056, 2066-67 (2014) (quoting *Ashcroft v. al-Kidd*, 131 S.

8  Ct. 2074, 2080 (2011)).  Under the applicable pleading standard, the plaintiff must allege facts

9  sufficient to make out a plausible claim that it would have been clear to the defendant officer that

10  his conduct was unlawful in the situation he confronted.  *Id.* at 2067.  "Because qualified

11  immunity is an affirmative defense from suit, not merely from liability, '[u]nless the plaintiff's

12  allegations state a claim of violation of clearly established law, a defendant pleading qualified

13  immunity is entitled to dismissal before the commencement of discovery.'"  *Doe By and Through*

14  *Doe v. Petaluma City School Dist.*, 54 F.3d 1447, 1449-50 (9th Cir. 1995) (quoting *Mitchell v.*

15  *Forsyth*, 472 U.S. 511, 526 (1985)).

16    The FAC sets forth a six-page narrative of "FACTS GIVING RISE TO THE CLAIMS

17  FOR RELIEF."  FAC ¶¶ 15-44, ECF 11.  The narrative suggests that "[t]he defendants" acted

18  improperly in obtaining the warrant for Haley's arrest, *id.* ¶ 37; that "[t]he defendant SWAT team

19  members" acted excessively when entering Haley's home and executing the arrest warrant, *id.* ¶¶

20  17-24; and that "Defendants" wrongfully failed to release Haley despite her protestations of

21  innocence and evidence in their possession that Haley was not involved with the drug cartel, *id.* ¶¶

22  26-29, 32-35, 39.  Immediately following this narrative the FAC recites Plaintiffs' four § 1983

23  claims and Bain Act claim, each of which is asserted against "ALL DEFENDANTS."  *Id.* ¶¶ 45-

24

25  _____

   However, this Court is constrained to follow *Kreines* so long as it remains the law of the Ninth
26  Circuit.  *See Palma v. Dent*, No. C 06-6151 PJH, 2007 WL 2023517, at *5 (N.D. Cal. July 12,
   2007) (concluding that under *Kreines* § 2676 did not apply to bar *Bivens* claim based upon
27  dismissal of FTCA claim from the same action); *Kyei v. Beebe*, No. CV 01-1266-PA, 2005 WL
   3050442, *2 (D. Or. Nov. 13, 2005) (same); *but see Winnemem Wintu Tribe v. United States Dep't*
28  *of the Interior*, 725 F. Supp. 2d 1119, 1149 (E.D. Cal. 2010) (applying § 2676 to bar *Bivens* claim
   based upon dismissal of FTCA claims from same action).

1    68.

2         These allegations are inadequate because they lump all defendants together and fail to

3    allege the factual basis for each defendant's liability.  *See Chuman v. Wright*, 76 F.3d 292, 295

4    (9th Cir. 1996).  The Court notes in particular that the FAC does not allege that any of the Agents

5    was present at the execution of the warrant for Haley's arrest.  Accordingly, Emily and Jessica –

6    whose claims arise solely from the warrant execution – have failed to make out plausible claims

7    that any of the Agents violated their clearly established constitutional rights.  With respect to

8    Haley, the FAC does not contain a single factual allegation regarding the conduct of Fernandez,

9    Omori, or Parker.  Thus Haley has failed to make out plausible claims that Fernandez, Omori, or

10   Parker violated her constitutional rights or that they knew that their conduct – whatever it was –

11   was unlawful under the circumstances.

12        The FAC does contain some specific allegations regarding Singleton's conduct.  He is

13   alleged to have written the affidavit used to obtain the warrant for Haley's arrest and to have

14   interviewed Haley on several occasions after her booking and during her detention.  FAC ¶¶ 26-

15   28, 32-34.  However, the FAC does not identify what clearly established right Singleton violated

16   by submitting the affidavit nor does it allege facts showing that it would have been clear to

17   Singleton that his conduct was unlawful.  Plaintiffs assert that the "FAC is replete with allegations

18   of acts that were intentional and/or committed with reckless disregard for the truth – e.g.,

19   obtaining an arrest warrant based on false evidence. . . ."  Opp. at 14, ECF 83.  Plaintiffs do not

20   cite to any particular paragraphs of the FAC.  In light of Plaintiffs' assertions, the Court carefully

21   has reviewed the entire FAC, even going so far as to do a word search in Adobe Acrobat for the

22   phrase "false evidence."  The phrase does not appear in the pleading.  The FAC does allege that

23   "[t]he defendants" obtained the arrest warrant based upon "false information."  FAC ¶ 37, ECF 11.

24   However, the FAC is devoid of allegations that *Singleton* obtained the warrant based upon false

25   information.  To the extent that Haley means to allege that Singleton included false information in

26   his affidavit, she must allege what that information was and facts showing that Singleton knew it

27   to be false.  Absent such facts, allegations that the affidavit contained erroneous information

28   would, at most, give rise to a claim of negligence.  "A plaintiff must plead more than a merely

United States District Court
Northern District of California

8

1    negligent act by a federal official in order to state a colorable claim under *Bivens*."  *O'Neal v. Eu*,

2    866 F.2d 314, 314 (9th Cir. 1989).

3            To the extent that Haley seeks to hold Singleton liable for the decision to detain her, the

4    FAC does not allege facts showing that Singleton made that decision, that Haley's detention

5    violated a clearly established right, or that it would have been clear to Singleton that detaining

6    Haley was unlawful under the circumstances.  As presently framed, the FAC alleges at most that

7    Singleton was negligent in failing to determine Haley's lack of involvement with the cartel at an

8    earlier date.  Plaintiffs argue that the present case is on all fours with *Lee v. City of Los Angeles*,

9    250 F.3d 668 (9th Cir. 2001).  In *Lee*, a mentally ill man named Kerry Sanders ("Kerry") was

10   mistakenly identified as a fugitive named Robert Sanders ("Robert"), who had absconded from the

11   Greenhaven Correction Center in Stormville, New York.  Kerry was arrested in Los Angeles,

12   California, extradited to New York, and incarcerated at Greenhaven in Robert's place.  Kerry's

13   fingerprints and identifying characteristics were never compared with those of Robert.  Kerry

14   remained at Greenhaven for two years, during which time he allegedly was sexually molested by

15   other inmates.  He was not released until Robert was arrested and officials realized that they had

16   the wrong individual in custody.  Plaintiff's mother, individually and as Kerry's conservator, sued

17   the state agencies and officers involved in those events.  On appeal from the district court's

18   dismissal of all claims, the Ninth Circuit concluded that the plaintiffs had alleged facts sufficient

19   to state claims for violation of due process and other constitutional violations under § 1983.  In

20   particular, the court noted allegations that persons with mental disabilities often are misidentified

21   and that the defendants failed to take even the simplest steps to identify Kerry despite his obvious

22   mental incapacity.  *Id.* at 684.

23           The present case is distinguishable from *Lee* in that Haley was arrested pursuant to a valid

24   warrant that named *her*.  Thus Haley's arrest was not the result of a mistake of the type addressed

25   in *Lee*.  To the extent that Haley claims that Singleton deprived her of constitutional rights when

26   he submitted the affidavit in support of the arrest warrant, or when he failed to arrange for Haley's

27   release based upon her claims of innocence, Plaintiffs have not alleged facts sufficient to make out

28   such deprivations.

United States District Court
Northern District of California

1    The Agents' motion does not direct any specific argument toward Plaintiffs' claim under

2    the Bain Act.  A defendant is liable under the Bane Act "if he or she interfered with or attempted

3    to interfere with the plaintiff's constitutional rights by . . . threats, intimidation, or coercion."

4    *Shoyoye v. Cnty. of Los Angeles*, 203 Cal. App. 4th 947, 956 (2012), *reh'g denied* (Mar. 13, 2012),

5    *review denied* (May 9, 2012); Cal. Civ. Code § 52.1(a).  Plaintiffs' Bain Act claim is based upon

6    the deficient allegations of constitutional violations discussed above and thus is dismissed *sua*

7    *sponte*.

8        Accordingly, the Agents' motion to dismiss is GRANTED.  Because this is the first

9    occasion upon which the Court has addressed the sufficiency of Plaintiffs' claims against the

10   Agents, Plaintiffs are granted leave to amend.

## IV.   ORDER

12       For the foregoing reasons, IT IS HEREBY ORDERED that:

13   (1)    The Agents' motion to dismiss is DENIED to the extent that it is based upon the

14          FTCA judgment bar;

15   (2)    The Agents' motion to dismiss is GRANTED with leave to amend for failure to

16          plead around the Agents' apparent qualified immunity and for failure to state a

17          claim upon which relief may be granted;

18   (3)    Leave to amend is limited to the pleading deficiencies identified herein – Plaintiffs

19          may not add any other claims or other parties without express leave of court; and

20   (4)    Any amended pleading shall be filed on or before December 1, 2014.

22   Dated:  November 10, 2014

23          BETH LABSON FREEMAN
            United States District Judge